**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,

     Plaintiff,

                              CASE NO. 6:18-CV-1836-ORL-28 GJK

v.

ADVOCATE LAW GROUPS OF
FLORIDA, P.A., JON LINDEMAN, JR.,
and EPHIGENIA K. LINDEMAN,

     Defendants.

_____/

**DEFENDANTS ADVOCATE LAW GROUPS OF FLORIDA, P.A., JON LINDEMAN,**
**JR., AND EPHIGENIA K. LINDEMAN'S MOTION TO DISMISS PURSUANT TO**
**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MOTION FOR MORE**
**DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

     Defendants, ADVOCATE LAW GROUPS OF FLORIDA, P.A ("ALG"), JON

LINDEMAN, JR. ("Mr. Lindeman"), and EPHIGENIA K. LINDEMAN ("Ms. Lindeman")

(collectively "Defendants"), by and through their undersigned counsel and pursuant to Federal

Rule of Civil Procedure 12(b)(6), move to dismiss plaintiff, UNITED STATES OF AMERICA's

("United States" or "Plaintiff") Complaint and Demand for Jury Trial (the "Complaint"), for

failure to state a claim upon which relief can be granted. Additionally, Defendants move for a more

definite statement pursuant to Rule 12(e). In support, Defendants state as follows:

## I.    **INTRODUCTION**

     This action by the United States is an attempt to use the Fair Housing Act, 42 U.S.C. §§

3601-3619 ("FHA"), to support a claim that is not within the confines or jurisdiction of that act.

The mandate of the FHA is to unquestionably prohibit discrimination that arises from the buying

and renting of real property. This case involves neither such a transaction. Here, ALG, which

employs Mr. Lindeman and Ms. Lindeman, is a law firm focusing on foreclosure defense and loan

modification negotiation. Defendants are *not* the property owner, landlord, bank, or mortgage lender for any residential real property involved in this case. Plaintiff fails to reference any alleged role ALG played in the acquisition of housing, nor can it. ALG's representation of the Complainants performing attorney-client functions is simply not actionable under the FHA.

Further, had the legal representation provided to the Complainants been within the purview of the FHA's administrative authority (which it did not), Plaintiff still fails to state a cause of actionable discrimination under its jurisdiction. Plaintiff does not allege Defendants treated Hispanics less favorably than non-Hispanics, which is the requisite umbra of this cause of action. Rather, Plaintiff merely alleges that services provided by ALS were performed inadequately. Thus, to the extent the underlying Complainants may have any claim against Defendants, such claim would sound solely in a legal malpractice action – not an FHA discrimination case.

For these reasons, and those further set forth herein, the Complaint must be dismissed.

## II.   ALLEGATIONS IN THE COMPLAINT

### *Parties*

1.      ALG is, and was at all times material hereto, a law firm providing its clients with assistance in foreclosure defense, and mortgage loan modification negotiation services. *See* Compl. ¶ 8. ALG is a Florida Corporation with its principal place of business in Miami Lakes, Florida. *Id.* From 2009 to 2015 ALG maintained offices in the counties and cities of Broward, Miami-Dade, Palm Beach, Naples, Orlando, Tampa, Bonita Springs, and Jacksonville Florida. *Id.*

2.      Mr. Lindeman is a licensed Florida Attorney, and general managing partner and President of ALG. *See id.* at ¶ 9. In this capacity, Mr. Lindeman is alleged to have overseen, supervised, directed, and/or controlled the activities of ALG. *Id.*

3.      Ms. Lindeman, Mr. Lindeman's spouse, is alleged to have served as the Director of Operations of ALG from 2008-2009 and acted as ALG's Director of Marketing, and Chief

Mortgage Investigator and Auditor. *Id.* at ¶ 10. Pursuant to these positions, Ms. Lindeman is alleged to have "oversaw, supervised, directed, or controlled ALG's day-to-day operations relating to mortgage modification and foreclosure rescue services, including collections and communications with mortgage lenders on behalf of ALG's clients." *Id.*

### *Nature of the Action*

4.      The United States brought this action against Defendants for alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3601-3619 ("FHA"). *Id.* ¶ 1.

5.      ALG's representation of three Hispanic and native Spanish-speaking groups of Complainants to wit: Lucia Hurtado ("Hurtado"), Daniel Roman, Jr. and Dariel Roman (collectively "Roman"), and Argentina Roque ("Roque") (collectively the "Complainants") serve as the basis of the Plaintiff's allegations of FHA violations. *See id.* ¶¶ 5-7.

6.      Plaintiff asserts Defendants "targeted Complainants and other homeowners because of their Hispanic national origin for a scheme involving unfair and predatory loan modification and foreclosure rescue services." *Id.* at ¶ 11. Further, the Complaint alleges Defendants used a business model that targeted Hispanic homeowners with Spanish-language advertising that falsely promised, among other things, to reduce their then current mortgage payments. *Id.* at ¶ 12. Ultimately, the Complaint alleges Complainants did not obtain the loan modifications or other services that were advertised. *Id.*

7.      Complainants claimed to have learned of ALG's services through either Spanish language radio and/or Spanish language television. *See id.* at ¶¶ 26, 42, 64. Further claiming they acted in reliance on these advertisements, Complainants retained ALG allegedly only to seek loan modification assistance from Defendants. *See id.* at ¶¶ 27, 43, 65.

8.      The Complaint alleges that in each of the three cases asserted, Complainants first met with a representative of ALG, before retaining ALG, where all conversations held were

conducted in Spanish. *See id.* Both Hurtado and Roman allegedly signed a retainer agreement written almost entirely in English. *See id.* at ¶¶ 28, 47. In Roque, there is no such retainer agreement allegation. *See id.* at ¶ 62-80.

9.      Although it is alleged Complainants were native Spanish-speakers and had limited English proficiency, the Complaint does **not allege** Complainants were either incapable or did not understand the content of the retainer agreements. *See id.* at ¶¶ 5-7.

10.      Plaintiff alleges Complainants were charged upfront monthly fees for, what they contend, were unfair terms for loan modification representation, in exchange for, what they believed, was the limited value of Defendants' services. *See id.* at ¶ 21.

11.      In each case, Complainants were allegedly informed by ALG or its representative to stop making mortgage payments and communicating with their mortgage servicer after retaining ALG. *See id.* at ¶¶ 29, 45, 66. However, Plaintiff does ***not*** allege that these instructions were different than those given to non-Hispanics. *See id.* at ¶ 12 ("Defendants knowingly placed their clients' homes at risk of foreclosure by instructing Complainants ***and other clients*** to stop making monthly mortgage payments and to stop communications with their lenders.") (emphasis added).

12.      Further it is alleged Complainants were provided with a package of documents sent to their respective banks, by ALG on their behalves. *See id.* at ¶¶ 32, 49, 68. The packages are alleged to have contained documents seeking remedies not sought by the Complainants, and statements regarding mortgage audits that were allegedly found to never exist. *See id* at ¶¶ 32-33, 49-50, 68-69. Lastly, the Complaint alleges that the documents purportedly sent to the banks were never actually sent. *Id.* at ¶ 34, 51, 70.

13.      Ultimately, Hurtado allegedly sold her property in a short sale, *Id.* at ¶ 39, Roman's home was allegedly sold at a foreclosure sale, *Id.* at ¶ 56, and Roque allegedly received a loan modification with assistance from a non-profit. *Id.* at ¶ 79.

### *Claims alleged*

14.     The Complaint asserts two Counts.

15.     Count I combines four separate and distinct causes of action: (1) 42 U.S.C. § 3604(a) (discrimination in the sale or rental of residential real property); (2) 42 U.S.C. § 3604(b) (discrimination in the provision of services); (3) 42 U.S.C. § 3605 (discrimination by a person or entity engaged in residential real estate related transactions); and (4) 42 U.S.C. § 3617 (retaliation under the FHA. *See id.* at ¶ 90.

16.     Count II asserts a claim under 42 U.S.C. § 3614(a) based on an alleged "pattern or practice of resistance to the full enjoyment of rights" guaranteed by the FHA. *See id.* at ¶ 94.

### III.     MEMORANDUM OF LAW

The Complaint should be dismissed for the following reasons: (1) 42 U.S.C. §§ 3604 and 3605 do not apply to Defendants because Defendants did not participate in the buying, selling, or residential real-estate transactions concerning the Complainants; (2) the retaliation claim fails because Complainants did not engage in any statutorily protected activity, and there is no nexus between any adverse action and any protected activity; (3) Count II does not state an independent cause of action under 42 U.S.C § 3614; (4) Plaintiff – the United States – fails to allege sufficient facts to establish a pattern or practice, which is necessary in order for the United States to bring this Action in a representative capacity; and (5) Plaintiff fails to state a claim for injunctive relief.

Lastly, to the extent any claims survive this Motion to Dismiss, Plaintiff should have to plead a more definite statement by pleading each claim in a separate count with greater specificity.

### A.     MOTION TO DISMISS STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). A pleading has to contain more than "labels and conclusions," and "formulaic recitation of the

elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To survive a defendant's motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A mere "the defendant-unlawfully- harmed-me accusation" will not suffice. *Id.* Legal conclusions not supported by factual allegations "are not entitled to the assumption of truth." *Id.* at 679.

A complaint that does not comport with the pleading requirements may be attacked by a Rule 12(b)(6) motion to dismiss. *Twombly,* 550 U.S. at 555. To survive the motion, a complaint must set forth factual allegations in a manner that does not merely mirror the elements of a claim and suggest that a claim for relief is plausible. *Luke v. Residential Elevators, Inc.,* 2011 WL 311370, at *2 (N.D. Fla. 2011).

**B.** **42 U.S.C. §§ 3604 AND 3605 DO NOT APPLY BECAUSE DEFENDANTS WERE NOT ENGAGED IN THE SELLING OR RENTING OF RESIDENTIAL REAL ESTATE, OR ANY REAL ESTATE-RELATED TRANSACTION, CONCERNING THE COMPLAINANTS.**

42 U.S.C. §§ 3604 and 3605 do not apply here. Plaintiff's claims under § 3604 must be dismissed because there are no allegations Defendants were involved with the selling or rental of any residential properties underlying this suit. Further, the "provision of services" language contained in § 3604(b) does not include the provision of legal services incident to the selling or renting of real estate. Likewise, Plaintiff's claim under 42 U.S.C. § 3605 does not apply because Defendants did not engage in residential real estate-related transactions.

**1.** **Plaintiff's Claims under 42 U.S.C. § 3604 Fail to State a Cause of Action because there are No Allegations Defendants were Involved with the Selling or Rental of the Real Properties Underlying this Suit.**

Plaintiff brings claims under 42 U.S.C. §§ 3604(a) and 3604(b). Neither claim states a cause of action under the facts alleged here.

6

42 U.S.C. § 3604(a) provides, in pertinent part, that it shall be unlawful to "[t]o refuse to sell or rent after the making of a bona fide offer, or refuse to negotiate for the ***sale or rental of, or otherwise make unavailable or deny***, a dwelling to any person because of . . or national origin." *Id.* (emphasis added). Similarly, 42 U.S.C. § 3604(b) prohibits discrimination "against any person in the terms, conditions, or ***privileges of sale or rental of a dwelling, or in the provision of services*** or facilities in connection therewith, because of . . . national origin." *Id.* (emphasis added.). The Complaint lacks any allegation that Defendants were involved in the sale or rental of the Complainant's respective homes. Further, Courts have rejected finding that the phrases "otherwise make unavailable or deny" and "in the provision of services" contained in 3604(a) and (b) as to be so broad as to include the claims Plaintiff asserts in this case.

### a. § 3604(a) only applies to buying and renting of residential property.

To state a claim under § 3604(a) a plaintiff must allege "unequal treatment on the basis of race (or place of National origin) that affects the availability of housing." *Hallmark Developers, Inc. v. Fulton County,* 466 F.3d 1276, 1283 (11th Cir. 2006); *Jackson v. Okaloosa County,* 21 F.3d 1531, 1543 (11th Cir. 1994).

The Eleventh Circuit unmistakably interprets Section 3604(a) to ***only*** apply to discrimination related to the acquisition or sale and rental of property. *See Jackson,* 21 F.3d at 1542 n. 17 ("Courts have construed the phrase 'otherwise make unavailable or deny' in subsection (a) [of 42 U.S.C. § 3604] to encompass actions by individuals or government units that affect the availability of housing to minorities.") (emphasis added); *Gourlay v. Forest Lake Estates Civil Ass'n of Port Richey, Inc.*, 276 F. Supp. 2d 1222 (M.D. Fla. 2003), *vacated due to settlement,* (§ 3604 did not apply to homeowner's claim against parents of children for complaints of enjoyment of land where parents had purchased the house prior to fostering children); *Lawrence v. Courtyards at Deerwood Ass'n*, 318 F. Supp. 2d 1133, 1142 (S.D. Fla. 2004) ("as the statutory language makes

clear, and as recognized in *Gourlay* section 3604 only applies to discrimination related to the acquisition or sale and rental of housing."); *United States v. Hous. Auth. of Chickasaw*, 504 F. Supp. 716, 727 (S.D. Ala. 1980) (the phrase "otherwise make unavailable or deny" in Section 3604(a) "is as broad as Congress could have made it and it reaches every private and public practice that makes housing more difficult to ***obtain*** on prohibited grounds.") (emphasis added).

The Eleventh Circuit, in *Jackson,* further cited examples of the applicability of Section 3604(a), all of which concern exclusively the ***acquisition*** of housing:

> *Halet v. Wend Investment Co.*, 672 F.2d 1305 (9th Cir.1982) (discriminatory rental decisions); *United States v. City of Parma*, 661 F.2d 562 (6th Cir.1981) (numerous actions by city evidenced discrimination, including rejection of public and low-income housing and adoption of restrictive land use ordinances); *United States v. Mitchell*, 580 F.2d 789 (5th Cir.1978) (racial steering); *United States v. City of Black Jack*, 508 F.2d 1179 (8th Cir.1974) (adoption of restrictive zoning law); *Smith v. Town of Clarkton*, 682 F.2d 1055 (4th Cir.1982) (town withdrawal from multi-municipality housing authority); *N.A.A.C.P. v. American Family Mut. Ins. Co.*, 978 F.2d 287 (7th Cir.1992) (insurance redlining). Given the broad application of § 3604(a) to practices that affect the housing market for minorities, we do not hesitate to apply the provision to the instant case, even though the facility will eventually be "available" at some location.

*Jackson*, 21 F.3d at 1543 n. 17. (emphasis added). Further, discriminatory acts that occur after the sale of a home occurs are not actionable under the FHA.[1] *Whyte v. Alston Mgmt.*, No. 10-81041-CIV-DIMITROULEAS/Snow, 2011 U.S. Dist. LEXIS 158389 (S.D. Fla. Nov. 1, 2011).

In this case, 42 U.S.C. § 3604(a) does not apply to Defendants and their relationship to the Complainants. ALG is a law firm with Mr. Lindeman being the general managing partner and President of ALG, and Ms. Lindeman being the Director of Operations, Director of Marketing, and Chief Mortgage Investigator and Auditor. *See* Compl. ¶¶ 8-10. As set forth in both *Lawrence* and *Gourlay*, Section 3604(a) only applies to discrimination related to the ***acquisition or sale*** of

---

[1] In *Whyte,* the court clarified the difference between buying and renting. The court acknowledged that a renter has an ongoing relationship with his landlord, and thus the landlord can still exercise power over the tenant, *i.e.* raising rent or evicting the tenant. Thus, evictions are still protected by 42 U.S.C. § 3604 even though they are not typically related to the acquisition of property.

housing. Defendants are not alleged to have provided either of those services to Complainants. Instead, it is alleged Defendants provided services relating to foreclosure defense and attempted loan modification negotiations. *See generally id.* at ¶ 8. Defendants were not the property owners, nor did they have any land rights to transfer to Complainants. Therefore, unlike a property seller or a residential landlord (in a rental relationship), Defendants maintained no power over the Complainants, or any power to impact Complainants' purchase or rental of real estate they already possessed. In the context of the relationship between a lawyer and its client, a dissatisfied client could simply fire the lawyer and hire another. While it is alleged Defendants represented Complainants in loan modification negotiations and foreclosure proceedings, the lenders ultimately held the power to agree to the modification or to foreclose – not the Defendants.[2]

Therefore, § 3604(a) does not apply to Defendants, and Plaintiff's claim must be dismissed.

**b.  Failure to state a claim under Section 3604(b) for denial of services.**

Plaintiff fails to plead sufficient facts to support a prima facie claim of housing discrimination under 42 U.S.C. § 3604(b) for denial of services.

*"*To establish a prima facie case for denial of services, [p]laintiffs must show that they: (1) are members of a protected class; (2) qualified to receive the services in question; (3) were denied or delayed services by [d]efendants; (4) and [d]efendants treated similarly situated persons outside of the protected class more favorably." *Jackson v. Comberg*, No. 8:05-cv-1713-T-24TMAP, 2006 U.S. Dist. LEXIS 66405 (M.D. Fla. Aug. 22, 2006) (citing *Boykin v. Bank of America*, 162 Fed. Appx. 837, 839 (11th Cir. 2005); *Krieman v. Crystal Lake Apts. L.P.*, 2006 U.S. Dist. LEXIS 35379 (N.D. Ill. 2006)).

---

[2] Notably, Section 501.1377 of the Florida Statutes (Florida's Foreclosure Rescue Statute), which parallels the FHA in many respects, provides an express exemption for, "[a]n attorney licensed to practice law in this state who provides foreclosure rescue-related services as an ancillary matter to the attorney's representation of a homeowner as a client." *See* Fla. Stat. § 501.1377(1), (2)(b)(7).

Plaintiff has not pled sufficient facts to state a denial of services of claim under the second, third and fourth elements. The services alleged to have been provided by Defendants do not fall under the types of services recognized as actionable under the FHA.  Further, even if such services were covered by § 3604(b), there are no allegations Defendants treated any similarly situated persons outside of the protected class of the Complainants more favorably.

> ### i.   *Plaintiff fails to plead sufficient facts necessary to state a claim under the second and third elements.*

Plaintiff improperly attempts to improperly extend the reach of the FHA's regulatory mandate to legal services provided by Defendants to the Complainants. Such an interpretation is not in conformity with the types of services covered by the statute.

The phrase "provisions of services" has been interpreted in the Fifth and DC Circuits, as well as District courts in the Eleventh Circuit, as including ***those services directly connected with the sale or rental of a property***. *Steele v. City of Port Wentworth,* No. CV405-135, 2008 U.S. Dist. LEXIS 20637, at *35-37 (citing *Cox v. City of Dallas*, 430 F.3d 734, 746 (5th Cir. 2005)); *see also Clifton Terrace Assoc, Ltd. v. United Tech. Corp.*, 929 F.2d 714, 719 (D.C. Cir. 1991) ("The Fifth Circuit and D.C. Circuit, however, have limited the scope of § 3604(b) to services provided in connection with the sale or rental of housing. . . . This Court agrees that a limited interpretation is more consistent with the plain language of the statute, which refers to ***services in connection with a sale or rental***.") (emphasis added); *Gourlay*, 276 F. Supp. 2d at 1233 ("The context of the use of the phrase 'in connection therewith' clearly limits claims for discriminatory provision of services to the provision of those services in connection with a sale, because the preceding sentence mentions only the sale or rental of a dwelling."); *Lawrence*, 318 F. Supp. 2d at 1141-43 (limiting § 3604(b) to "services" relating to the purchase or rental of property).

Plaintiff fails to allege a claim pursuant to § 3604(b) for denial of services because it does not allege Defendants played any role connected to the sale or rental of residential real property to

the Complainants. Similar to the § 3604(a) analysis, Defendants do not rent or sell property. ALG is a law firm that assists individuals with loan modification negotiations with their lenders and defends actions for foreclosure. Plaintiff does not allege Defendants played any role in services related to the acquisition of housing. Instead, Plaintiff's only allege that Defendant's provided insufficient representation. These allegations are insufficient for a claim under Section 3604(b). As stated in *Steele* and *Gourlay*, the services provided by Defendants must be limited to the sale or rental of a dwelling. Thus, Plaintiff fails to state a claim for a violation of § 3604(b).

### ii. *Plaintiff fails to plead sufficient facts necessary to state a claim under the fourth element.*

In order to state a cause of action for discrimination based on a denial of services under § 3604(b), it must be alleged that in denying or delaying services, Defendants treated similarly situated persons outside of the Complainants' protected class more favorably. The Complaint is devoid of any such allegations.

In order to prevail under the FHA, a plaintiff must establish that race, color, creed, or place of national origin played some role in the actions of the defendant who was engaged in the sale or rental of real estate. *See Sofarelli v. Pinellas Cty.*, 931 F.2d 718 (11th Cir. 1991) (citing *United States v. Mitchell*, 580 F.2d 789, 791-92 (5th Cir.1978)). "Unequal treatment 'based on race' in this paradigm can be established by showing intentional discrimination or discriminatory impact." *Reese v. Miami-Dade County*, No. 01-3766-CIV-HURLEY, 2009 U.S. Dist. LEXIS 105333, at *28 (S.D. Fla. Nov. 10, 2009) (citing *Schwarz v City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008)).

### Insufficient Allegations of Disparate Treatment

To bring a claim for disparate treatment under the FHA, a plaintiff must allege he was treated differently based on his national origin. *See Hous. Opps. Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc.*, 510 F. Supp. 2d 1003 (S.D. Fla. 2007) (citing *Lynn v. Village of*

*Pomona*, 373 F. Supp. 2d 418, 429 (S.D.N.Y. 2005)). Further, "to prove intentional discrimination, the plaintiff has the burden of showing that the defendant acted intentionally, or was improperly motived in its decision to discriminate against persons protected by the FHA." *Bonasera v City of Norcross*, 342 Fed. Appx. 581 (11th Cir. 2009) (unpub). "This can be accomplished with evidence that the decision making body acted for the sole purpose of effecting the desires of private citizens, that racial considerations were a motivating factor behind those desires, and that members of the decision making body were aware of the motivations of the private citizens." *Reese v. Miami-Dade County*, No. 01-3766-CIV-HURLEY, 2009 U.S. Dist. LEXIS 105333, at *30 (S.D. Fla. Nov. 10, 2009); *Hallmark Developers, Inc. v Fulton County, Ga.*, 466 F.3d 1276 (11th Cir. 2006).

Plaintiff fails to allege Defendants acted intentionally or were improperly motivated in their decisions to discriminate against persons protected by the FHA. While Plaintiff alleges "Defendants . . . deliberately targeted Complainants and other homeowners because of their Hispanic national Origin for a scheme involving unfair predatory loan modifications and foreclosure rescue services[,]" Compl. ¶ 11, this allegation does not rise to the level of intentional discrimination. The Complaint ***does not*** allege the treatment provided to Complainants was less favorable than treatment provided by Defendants to non-Hispanics. Plaintiff attempts to suggest that Defendants' advertisement on Spanish-language radio stations, and television advertisements, coupled with English retainer agreements, means Defendants discriminated against Hispanics. While the allegations infer advertisements may have reached a predominately Spanish-speaking audience, the Complaint does not allege that services provided by Defendants were less favorable than those provided to non-Hispanic clients of ALG for the same services. In fact, the Complaint acknowledges that while a majority of media advertising was placed in predominately Spanish-language outlets, Defendants' media buys were also placed on bi-lingual and English radio. Television advertising purchased by ALG was also done on an English Language Station. *Id.* at ¶¶

12

13-14. The Complaint is devoid of allegations that as a result of advertising placement, Defendants treated non-Hispanic clients more favorably than Hispanic clients in procurement of services.

Plaintiff has not sufficiently alleged discriminatory intent.

### *Insufficient Allegations of Disparate Impact*

To state a claim for disparate impact, a plaintiff must allege "that a specific policy caused a significant disparate effect on a protected group." *Hous. Opps. Project for Excellence, Inc. v. Key Colony No. 4 Condo. Assoc.*, 510 F. Supp. 2d 1003 (S.D. Fla. 2007) (citing *Mountain Side Mobile Estates P'ship v. Sec'y of Hous. and Urban Dev.*, 56 F.3d 1243, 1251 (10th Cir. 1995)). It is "sufficient for plaintiff to demonstrate that the challenged action results in, or can be predicted to result in, a disparate impact upon a protected class compared to the relevant population as a whole." *Reese v. Miami-Dade County*, No. 01-3766-CIV-HURLEY, 2009 U.S. Dist. LEXIS 105333, at *28 (S.D. Fla. Nov. 10, 2009) (citing *Bonasera v City of Norcross,* 342 Fed. App'x 581 (11th Cir. 2009) and *Oti Kaga, Inc. v. South Dakota Housing Development Authority*, 342 F.3D 871, 883 (8th Cir. 2003). F.3d 871, 883 (8th Cir. 2003)). "A plaintiff can show discriminatory effect in two ways -- first, by showing that the decision has a desgregative effect, and second, by showing that the decision makes housing options significantly more restricted for members of a protected group than for persons outside that group." *Id.*

Plaintiff fails to allege discrimination by disparate impact. Plaintiff does not allege a difference in treatment between Hispanics and non-Hispanics. To the extent Plaintiff attempts to suggest that advertising on Spanish-language radio and television stations can be predicted to have a disparate impact on Hispanics, such an argument would be belied by the Complaint which acknowledges that advertisements were ***not solely*** on Spanish-language communications. *See* Compl. ¶ 13 (noting there were bilingual and non-Spanish advertisements).The Complaint is devoid of any allegations that information provided on non-Spanish communications were

different (or included more favorable terms) than the information provided through Spanish-language communications. Further, Plaintiff does not allege Claimants received any services which were different or lesser than the services provided to non-Hispanic clients.

Therefore, because there are no allegations which give rise to disparate impact, Plaintiff's claim for a violation of § 3604(b) must be dismissed.

### 2. Plaintiff Fails to state a claim under § 3605 because Defendants did not Engage in Residential Real Estate-Related Transactions.

To establish a prima facie case of discrimination under § 3605, the plaintiff must demonstrate that (1) he is a member of a protected class; (2) he attempted to engage in a "real estate-related transaction" with the defendant; (3) defendant engaged in the transaction despite plaintiff's qualification; and (4) defendant's continued to engage in that type of transaction with other parties outside of the plaintiff's class with similar qualifications. *Molina v. Aurora Loan Servs., LLC,* 635 Fed. Appx. 618, 625 (11th Cir. 2015).

In reference to the second element, the FHA prohibits "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). The Statute further defines "residential real estate-related transactions" as: (1) "the making or purchasing of loans or providing other financial assistance[;]" and (2) "the selling, brokering, or appraising of residential real property." 42 U.S.C. § 3605(b).

Failing to allege a defendant has engaged in one of the statutory categories provided by § 3605 is grounds for dismissal. A law firm, like ALG, that is alleged to engage in foreclosure defense and loan modification negotiations falls outside the statutory definition of a "residential real-estate related transaction." *Beard v. Worldwide Mortgage Corporation*, 354 F. Supp. 2d 789 (W.D. Tenn. 2005), a case from the United States District Court for the Western District of

Tennessee, is instructive.  In *Beard*, the plaintiff, an African-American, alleged that a title company and its principal "engaged in conduct which constituted predatory lending practices and a predatory lending scheme." *Id.* at 794. The plaintiff alleged the defendants "fraudulent loan practices" were "designed to take away their homes." *Id.* at 808. The plaintiff heard radio advertisements from a co-defendant, Worldwide Mortgage Corporation ("Worldwide") "claiming individuals could get "easy money," have "cash in [their] pocket[s] for Christmas," consolidate bills, and have home improvement work done on their homes." *Id.* at 794-95. After discussions with Worldwide, the plaintiff decided to refinance her existing home. *Id.* at 795. The title company defendant neither participated in or conducted the closing, nor was it present to witness plaintiff sign any of the documents at the closing. *Id.* at 795-96. The plaintiff filed suit alleging, *inter alia*, the title company violated 42 U.S.C. § 3605 because "acted as the settlement agent for the loan transaction." The title company and its principal moved to dismiss the claim. The court, in analyzing Section 3605, concluded that a defendant "must be engaged in the business of residential real estate transactions" which are limited to "1) making loans, 2) purchasing loans, 3) providing financial assistance, 4) selling residential real property, 5) brokering residential real property, or 5) appraising residential real property." *See id.* at 809. The court dismissed plaintiff's claim under 42 U.S.C. § 3605 because although the plaintiff alleges that the defendants "acted as the settlement agent for the loan transaction," plaintiff "did not allege that the title company engaged in the business of residential real estate transaction as defined by § 3605." *Id.* at 809.

Similarly, § 3605 does not apply here because Defendants are not alleged to have been involved in business "engaging in residential real estate transaction" as defined by the statute. As set forth in § 3605(b), a "real estate-related transaction" consists of either providing financial assistance or the brokering, appraising or selling real property. None of these apply in this case. ALG, and by extension Mr. Lindeman and Ms. Lindeman, are alleged to be acting in the capacity

of a law firm. Defendants are not alleged to have provided financial assistance to the Complainants, nor is it alleged that Defendants sold, appraised or brokered real estate to the Complainants.

Defendants representation of Complainants in foreclosure proceedings and negotiations for loan modifications are not covered transactions under 42 U.S.C. § 3605, and therefore the claim for violating § 3605 contained in Count I should be dismissed.

### C.   PLAINTIFF FAILS TO ALLEGE A CAUSE OF ACTION FOR RETALIATION UNDER 42 U.S.C. § 3617.

Count I fails to state a cause of action for retaliation under § 3617 because Plaintiff does not allege Complainants engaged in a protected activity or suffered adverse action by Defendants.

42 U.S.C. § 3617 provides a cause of action for retaliation under the FHA. *See Hill v. Impro Synergies LLC,* No. 1:15cv101-MW/GRJ, 2015 U.S. Dist. LEXIS 175724, at *9 (N.D. Fla. Nov. 25, 2015). 42 U.S.C. § 3617 states: "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 803, 804, 805, or 806."

For retaliation pursuant to the FHA, a plaintiff must show: "(1) he engaged in protected activity; (2) defendant subjected him to adverse action; (3) a causal link exists between protected activity and the adverse reaction." *Philippeaux v. Apartment Inv. & Mgmt. Co.*, 598 F. App'x 640 (11th Cir. 2015) (citing *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001)).

Plaintiff fails to state a cause of action for retaliation under all three elements.

### 1.   <u>Failure to Plead Claimants Engaged in Statutorily Protected Activity.</u>

As to the first element, "[a] plaintiff engages in statutorily protected activity when he or she protests . . . conduct which is actually lawful, so long as he or she demonstrates a good faith reasonable belief that the conduct engaged in was . . . lawful." *Id.* at 645 (citing *Harper v.*

*Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998)) (acknowledging that a claim for retaliation in an FHA case uses the same framework as a Title VII case). Stated another way:

> [t]he test for sufficiency of a claim under § 3617 requires the complaint to allege the following: (1) the Hispanic individuals are members of a protected class under the Fair Housing Act; (2) the individuals on whose behalf this suit is brought exercised or enjoyed a right protected by §§ 3603-3606, or aided or encouraged others in exercising or enjoying such rights; (3) the Defendants' conduct was at least in part intentional discrimination; and (4) the Defendants' conduct constituted coercion, intimidation, threat, or interference on account of having exercised, or aided or encouraged others in exercising, a right protected under §§ 3603-3606.

*United States v. Sea Winds*, 893 F. Supp. 1051 (M.D. Fla. 1995).

Plaintiff fails to state a claim under § 3617 because there are no allegations supporting the first element. Plaintiff does not allege Complainants participated in protected activity. There are no allegations Complainants' complained of Defendants to HUD during the time Defendants' represented Complainants. *Compare* Compl. ¶¶ 24-80 (Complainants received services prior to 2015), with *Id.* at ¶ 84 (stating "on September 6, 2018, the Secretary issued a Charge of Discrimination . . . against Defendants" and not specifying when the HUD complaint was filed).

For this reason, the claim for retaliation under § 3617 must be dismissed.

## 2.   Failure to Plead any Adverse Action or Causal Link

There are no allegations Claimants suffered adverse action by Defendants as a result of engaging in a protected activity. It is alleged Defendants provided services relating to foreclosure defense and loan modification negotiations. *See generally id.* at ¶ 8. There is no allegation suggesting (nor can there be) Defendants refused to provide Claimants with a loan, refused to sell Claimants a home, or Defendants discriminated against Claimants in home rental practices. While Plaintiff alleges in a conclusory fashion that Defendants interfered with the abilities of Complainant's to maintain their homes, *Id.* at ¶ 22, Plaintiff does not allege this interference, or any other negative experience suffered by Complainants, was due to Complainants' engagement in protected activity. Complainants simply argue Defendants were unsuccessful in obtaining loan

17

modifications or stopping, in one case, a foreclosure. Failure to succeed is not an adverse action based on discrimination, it is simply that Defendants were not able to win.

As a result, Plaintiff does not state a claim for retaliation under 42 U.S.C § 3617.

**D.   COUNT II MUST BE DISMISSED BECAUSE 42 U.S.C. § 3614 DOES NOT GIVE RISE TO AN INDEPENDENT CAUSE OF ACTION.**

Count II of the Complaint must be dismissed because § 3614 is not, in and of itself, a cause of action. Instead, Count II merely cites to the provision of the FHA that enables the United States to bring suit on behalf of individuals who have been injured by discriminatory housing practices. Further, even if Count II did state a cause of action, Plaintiff fails to plead sufficient facts demonstrating Defendants were engaged in a pattern or practice of resistance to full enjoyments of the rights provided by the FHA or that this case raises an issue of public importance.

**1.   42 U.S.C. 3614(a) is not in and of itself an Independent Cause of Action.**

The FHA provides standing for the Attorney General to bring suit on behalf of victims of discriminatory housing pursuant to § 3614(a). *See United States v. Gumbaytay*, 757 F. Supp. 2d 1142, 1148 (M.D. Ala. 2010) (quoting *United States v. Bob Lawrence Realty, Inc.,* 474 F.2d 115, 122-23 (5th Cir. 1973) ("the Attorney General 'has standing to sue' whenever he or she has reasonable cause to believe that '(1) there is an 'individual' or a 'group' pattern or practice violative of the Fair Housing Act or (2) whenever a group of persons has been denied rights granted by the Act and that denial raises an issue of general public importance.'"). 42 U.S.C. § 3614(a) provides:

> [w]henever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this title, or that any group of persons has been denied any of the rights granted by this title and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

Here, Count II, which alleges a violation of § 3614(a), is not, in and of itself a cause of action. *See* Compl. ¶ 94 (". . . Defendants' conduct . . . constitutes: (a) A pattern or practice of

18

resistance to the full enjoyment of rights granted by the [FHA] . . . in *violation* of 42 U.S.C. § 3614(a); and (b) a denial to a group of persons of rights granted by the [FHA], which raises an issue of general public importance, in *violation* of 42 U.S.C. § 3614.") (emphasis added). Rather, § 3614(a) provides the Attorney General standing to bring FHA claims on behalf of victims of discriminatory housing practices. As stated in *United States v. Fountain View Apartments, Inc.*:

> The Government's authority to bring the claims in this case is derived from 42 U.S.C. § 3614(a), which enables the Government to bring a civil action against "any person or group of persons . . . engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by the [Fair Housing Act]." Alternatively, the Government may also bring a suit if the alleged violation "raises an issue of general public importance . . . ." 42 U.S.C. § 3614(a).

*Fountain Views Apartments,* No. 6:08-cv-00891-Orl-35DAB, 2009 U.S. Dist. LEXIS 136235, at *5 (M.D. Fla. June 29, 2009); *see also United States v. Biswas*, No. 2:09-cv-683, 2010 U.S. Dist. LEXIS 129805 (M.D. Ala. Dec. 8, 2010) ("the FHA gives the Attorney General standing to enforce rights under the FHA against "any person or group of persons . . . engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted" by the FHA. 42 U.S.C. § 3614(a).  The Attorney General is also permitted to bring suit when a purported violation of the FHA "raises an issue of general public importance.").

Therefore, because Count II does not state a cause of action, it must be dismissed.

### 2.  <u>Even If an Independent § 3614(A) Claim Exists, Insufficient facts are pled to show Pattern or Practice or an Issue of Public Importance.[3]</u>

"To establish a pattern or practice of discrimination, the Government must prove 'more than the mere occurrence of isolated 'accidental' or sporadic discriminatory acts[;]' rather, it must prove by preponderance of the evidence that discrimination is the Defendants' 'standard operating procedure.'" *United States v. Fountain View Apts., Inc.*, 2009 U.S. Dist. LEXIS 136240, at * 17 (M.D. Fla. Dec. 22, 2009) (quoting *Int'l Bhd. Of Teamsters v. United States*, 431 U.S. 324, 336

---

[3] While Plaintiff alleges standing due to an "issue of general public importance," Plaintiff does not specifically identify what constitutes it claims to be an "issue of general public importance." *See* Compl. ¶¶ 2, 94.

(1977)). There is no set formula for determining whether a defendant has engaged in a pattern of discrimination, rather "each pattern or practice turns on its own facts." *Id.* (citing *United States v. West Peachtree Tenth Corp.*, 437 F.2d 221, 227 (5th Cir. 1971)).

In this case, Plaintiff fails to demonstrate Defendants engaged in a pattern or practice of resistance to full enjoyments of the rights provided by the FHA. While Plaintiff alleges deficient legal services provided by Defendants to Complainants, the Complaint is devoid of facts showing discrimination was ALG's standard operating procedure, and Defendants treated all of their Hispanic clients less favorably than non-Hispanic clients. Plaintiff's allegations do not surpass the threshold of "mere occurrences of isolated or accidental or sporadic discriminatory acts." The allegations of deficiency in legal services as to the three Complainants do not establish a "pattern or practice of discrimination." If Complainants were unsatisfied with the results achieved by Defendants, the remedy was to sue for malpractice, not housing discrimination.

Therefore, Plaintiff has not plead standing based on a pattern or practice of discrimination.

### E.    FAILURE TO ADEQUATELY PLEAD FOR INJUNCTIVE RELIEF.

As part of its "WHEREFORE" clause, Plaintiff seeks injunctive relief preventing Defendants from: (1) "discrimination on the basis of national origin in violation of the Fair Housing Act;" (2) "[f]ailing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the victims of Defendants' unlawful practices to the position the would have been in but for the discriminatory conducts;" and (3) "[f]ailing or refusing to take such affirmative steps  as may be necessary to prevent recurrence of any discriminatory conduct in the future, and to eliminate, to the extent practicable, the effects of their unlawful practices."

To the extent Plaintiff seeks a preliminary injunction, it fails to state a cause of action. A preliminary injunction is an extraordinary remedy and should not be granted unless the movant clearly establishes all elements for the injunction. *Sofarelli,* 931 F.2d at 724 (citing *United States*

*v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983)) To obtain a preliminary injunction, a plaintiff must plead: "(1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued would not be adverse to the public interest." *Id.* at 723-24.

The Complaint is devoid of any allegations of a substantial likelihood of success on the merits, or that an injunction would not be adverse to the public interest. Further, the Complaint does not allege Plaintiff will suffer irreparable harm absent the injunction. In fact, it is not alleged that any Complainant is represented by Defendants at this time.

Finally, Plaintiff violates Local Rule 1.06, which states, "[i]f a pleading contains a prayer for injunctive relief pursuant to Rule 65, Fed.R.Civ.P., the title of the pleading shall include the words "Injunctive Relief Sought" or the equivalent." No such designation was made here.

Therefore, Plaintiff's claim for injunctive relief must be dismissed.

## F.    PLAINTIFF SHOULD PLEAD A MORE DEFINITE STATEMENT

Plaintiff should have to plead a more definite statement pursuant to Fed.R.Civ.P. 12(e).

A "shotgun pleading" is grounds for a motion to dismiss under Rule 12(e). *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing *Weiland v. Palm Beach County Sheriff's office, 792 F.3d 1313,* 1320 (11th Cir. 2015) ("A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds.").  The Eleventh Circuit in *Weiland* reiterated its position that a defendant faced with a shotgun pleading should "***move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement***." *Citing* to *Anderson v. Dist. Bd. Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added).

There are multiple forms of shotgun pleadings. *See*, e.g., *Davis*, 516 F.3d at 979-80 (describing a complaint with "untold causes of action, all bunched together in one count" as "a model 'shotgun' pleading"); *Bickerstaff Clay Prods. Co. v. Harris Cnty*., 89 F.3d 1481, 1485 n.4 (11th Cir. 1996) ("The complaint is a typical shotgun pleading a complaint that "was framed in complete disregard of the principle that separate, discrete causes of action  should be plead in separate counts"); *Novak v. Cobb Cnty. Kennestone Hosp. Auth*., 74 F.3d 1173, 1175 & n.5 (11th Cir. 1996) (a complaint that pleaded multiple causes of action in a single count is "a quintessential 'shotgun pleading'"); *Cole v. United States*, 846 F.2d 1290, 1293 (11th Cir. 1988) (labeling as a shotgun pleading a complaint that set forth, in one count, "every act, [regardless of which defendant committed the act], which, in the pleader's mind, may have had a causal relationship to the [injury]"). We have indicated that this type of shotgun pleading  likely runs afoul of Rule 10(b).  *See Anderson*, 77 F.3d at 366 (finding that failure to "present each claim for relief in a separate count, as required by Rule 10(b)," constitutes shotgun pleading). Additionally, a shotgun pleading is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint ...". *Weiland,* 792 F.3d at 1322-23.

Here, Plaintiff improperly engages in shotgun pleading. Count I combines four separate and distinct causes of action: (1) 42 U.S.C. § 3604(a) (discrimination in sale or rental of residential real property); (2) 42 U.S.C. § 3604(b) (discrimination in the provision of services); (3) 42 U.S.C. § 3605 (discrimination by a person or entity engaged in residential real estate related transactions); and (4) 42 U.S.C. § 3617 (retaliation under the FHA).  *See Compl.* at ¶ 90. Additionally, in Count II, improperly realleges all of the paragraphs contained in Count I. *See* Compl. ¶ 93 ("Plaintiff re-alleges and herein incorporates by reference the allegations set forth above."). This type of

pleading violates Rule 10, which requires that, "each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."

For these reasons, Plaintiff should be required to plead a more definite statement.

**CONCLUSION**

For the reasons set forth herein, the Complaint should be dismissed for failing to state a cause of action. In the alternative, Plaintiff should be required to plead a more definite statement.

**WHEREFORE,** Defendants ADVOCATE LAW GROUPS OF FLORIDA, P.A, JON LINDEMAN, JR., and EPHIGENIA K. LINDEMAN request this Court enter an Order: (1) dismissing the Complaint for failure to state a claim pursuant to Fed. R. of Civ. Pro. 12(b)(6); (2) in the alternative, requiring Plaintiff to plead a more definite statement; and (3) granting any further relief this Court deems equitable and just.

Respectfully Submitted,

*/s/ Joshua M. Entin, Esquire*
Joshua M. Entin, Esquire (Trial Counsel)
Florida Bar No:  0493724
ENTIN LAW GROUP, P.A.
633 S. Andrews Avenue, Suite 500
Ft. Lauderdale, Florida 33301
Tel:   (954) 761-7201
Fax:   (954) 764-2443
E-mail: josh@entinlaw.com
***Attorney for Defendants***

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 28, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Joshua M. Entin, Esquire*

<u>**SERVICE LIST**</u>
***UNITED STATES v. ADVOCATE LAW GROUPS OF FLORIDA, ET AL.***
**CASE NUMBER:  6:18-CV-1836-ORL-28 GJK**

**Marta Campos, Esq.**
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW-NWB
Washington, DC 20530
Tel: (202) 353-1339
Fax: (202) 514-1116
E-mail: marta.campos@usdoj.gov
*Attorney for the United States of America*
*Via CM/ECF Notice of Electronic Filing*

**Michelle Teresa Garcia, Esq.**
United States Department of Justice
Civil Rights Division
950 Pennsylvania Avenue NW-NWB
Washington, DC 20530
Tel: (202) 305-3826
E-mail: Michell.Garcia@usdoj.gov
*Attorney for the United States of America*
*Via CM/ECF Notice of Electronic Filing*

**Tiffany Cummins Nick, Esq.**
Assistant United States Attorney
United States Attorney's Office
Middle District of Florida
400 West Washington Street, Suite 3100
Orlando Florida 32801
Tel: (407) 648-7500
Fax: (407) 648-7643
E-mail: Tiffany.Nick@usdoj.gov
*Attorney for the United States of America*
*Via CM/ECF Notice of Electronic Filing*

**Yohance A Pettis, Esq.**
Assistant United States Attorney
United States Attorney's Office
Middle District of Florida
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Tel: (813) 274-6000
Fax: (813) 274-6198
E-mail: Yohance.Pettis@usdoj.gov
*Attorney for the United States of America*
*Via CM/ECF Notice of Electronic Filing*