UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

and

LUCIA HURTADO, NOEMI ROMAN,
and ARGENTINA ROQUE,
    Intervenor-Plaintiffs,

v.                                      Case No: 6:18-cv-1836-Orl-28GJK

ADVOCATE LAW GROUPS OF
FLORIDA, P.A., JON B. LINDEMAN, JR.,
and EPHIGENIA K. LINDEMAN,

    Defendants.

## ORDER

In this action under the Fair Housing Act (FHA), the Court previously granted the Defendants' motions to dismiss but also granted leave to amend to the United States of America and the three Intervenor-Plaintiffs. (Order, Doc. 60). Plaintiffs have filed Amended Complaints, (Docs. 65 & 66), and Defendants again move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, (Docs. 69 & 70). Upon consideration of the parties' filings and pertinent law, Defendants' motions to dismiss are denied.

I. **Legal Standards**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss brought under Rule 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## II.  Background

The background facts were recounted at length in the prior Order (Doc. 60) and will only briefly be stated here. Defendant Advocate Law Groups of Florida, P.A. is a law firm, and Defendant John Lindeman, Jr. is its general managing partner. (Doc. 65 ¶¶ 8–9). Mr. Lindeman's wife, Defendant Ephigenia Lindeman, is the firm's chief financial officer. (Id. ¶¶ 9–10). Intervenor-Plaintiffs are Hispanic, native Spanish-speakers who have limited proficiency in the English language. (Id. ¶¶ 5–7). They allegedly responded to Defendants' advertisements for "loan modification and foreclosure rescue services," retained Defendants to get assistance in reducing their mortgage payments, and paid Defendants thousands of dollars in fees. (Id. ¶¶ 8, 12).

According to Plaintiffs, Defendants "deliberately targeted" the Intervenor-Plaintiffs and other Hispanic homeowners "for a scheme involving unfair and predatory loan modifications and foreclosure rescue services," (id. ¶ 11), and did not deliver on their promises. Intervenor-Plaintiff Lucia Hurtado ended up selling her house in a short sale, (id. ¶ 62); Intervenor-Plaintiff Noemi Roman's house was sold at a foreclosure sale, (id. ¶¶ 79–82); and Intervenor-Plaintiff Argentina Roque eventually obtained loan modification with the help of a nonprofit organization, (id. ¶¶ 102).

2

In their initial Complaints (Docs. 1 & 30), Plaintiffs brought claims under several provisions of the FHA—42 U.S.C. §§ 3604(a), 3604(b), 3605, 3617, and 3614. This Court granted Defendants' motions to dismiss and dismissed the claims brought under §§ 3604(a), 3604(b), and 3605 with prejudice. In their § 3604(a) claim, Plaintiffs alleged that Defendants had "made unavailable or den[ied] a dwelling" to Plaintiffs "because of . . . national origin" as prohibited by that provision. 42 U.S.C. § 3604(a). But this Court rejected Plaintiffs' attempts to bring Defendants' alleged conduct within this provision. And § 3604(b) makes it "unlawful . . . [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . national origin." Id. § 3604(b). This Court found Plaintiffs' allegations against Defendants to also be outside the terms of this provision.

Section 3605 makes it "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of . . . national origin." Id. § 3605(a). In the prior Order, this Court dismissed the § 3605 claim because Plaintiffs did "not allege facts plausibly supporting a conclusion that Defendants' 'business includes engaging in residential real estate-related transactions'" as defined in that section. (Doc. 60 at 14).

All of the Plaintiffs also brought claims under § 3617, prohibiting coercion, intimidation, threats, and interference with housing rights provided by other sections of the FHA, and the United States brought a claim under § 3614, addressing "pattern or practice" cases. The Court dismissed those claims without prejudice and with leave to amend so that Plaintiffs could clarify their § 3617 theory, on which a § 3614 claim could then possibly

3

be based. Plaintiffs have now repleaded the § 3617 and § 3614 claims, and Defendants again move to dismiss.

### A.    42 U.S.C. § 3617

Section 3617 provides that it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Although the Court previously dismissed Plaintiffs' claims for violations of §§ 3604 and 3605, an underlying violation of one of the sections mentioned in § 3617 is not required for an actionable § 3617 claim. See Sofarelli v. Pinellas Cnty., 931 F.2d 718, 721–22 (11th Cir. 1991); see also, e.g., Bloch v. Frischholz, 587 F.3d 771, 781–82 (7th Cir. 2009) ("To hold otherwise would make § 3617 entirely duplicative of the other FHA provisions . . . . Coercion, intimidation, threats, or interference with or on account of a person's exercise of his or her §§ 3603–3606 rights can be distinct from outright violations of §§ 3603–3606.").

The facts alleged in the Amended Complaints are different from those of most § 3617 cases, which typically involve disputes such as those between neighbors or between a homeowner and a homeowners' association. But "'the language of the FHA is broad and inclusive,' 'prohibits a wide range of conduct,' 'has a broad remedial purpose,' and 'is written in decidedly far-reaching terms.'" Ga. State Conf. of the NAACP v. City of LaGrange, 940 F.3d 627, 631–32 (11th Cir. 2019) (quoting City of Miami v. Wells Fargo & Co., 923 F.3d 1260, 1278 (11th Cir. 2019)). Having extensively considered the parties' arguments and reviewed the case law, the Court concludes that Plaintiffs' allegations are sufficient to state a claim under § 3617. It is plausible that Defendants' alleged actions

4

amounted to coercion, intimidation, threats, or interference with their clients' exercise or enjoyment of housing rights. Thus, the United States' Count I and the lone claim of the Intervenor-Plaintiffs' Amended Complaint survive the motions to dismiss.

### B.  42 U.S.C. § 3614

Section 3614(a), which is titled "Pattern or practice cases," provides:

> Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons is being denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

42 U.S.C. § 3614(a). In Count II of its Amended Complaint, the United States brings a § 3614(a) claim, alleging both that Defendants' conduct constitutes "a pattern or practice of resistance to the full enjoyment of rights" and that a "group of persons is being denied" rights granted by the FHA. The United States alleges throughout its Amended Complaint that Defendants violated § 3617 with regard to not only the Intervenor Plaintiffs but also to other Hispanic homeowners who enlisted Defendants' services. In light of the Court's determination that the § 3617 claims survive the motion to dismiss, the United States' § 3614 claim survives as well.

### III. Conclusion

As set forth above, it is **ORDERED** that Defendants' motions to dismiss (Docs. 69 & 70) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on November 24, 2020.

*[signature]*

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

5